**JAMES DONOVAN, dba T & L PLUMBING, Plaintiff**

**v.**

**PATRICK COFFIN, individually, and dba P & K ELECTRIC, Defendant**

High Court of American Samoa
Trial Division

DCA No. 26-96

November 20, 1996

Before RICHMOND, Acting District Court Judge.

Counsel:      For Plaintiff, Brian M. Thompson
                For Defendant, Charles V. Ala'ilima

---

Order Denying Motions To Amend Complaint And For Summary Judgment, and Setting Trial Date:

On April 11, 1995, plaintiff James Donovan ("Donovan") filed this action to recover damages for alleged delinquent payment of rent owed by defendant Patrick Coffin ("Coffin") to Donovan for use of various equipment and machinery. Donovan included in the damages 18% interest on the overdue accounts, as set forth in the rental invoices.

On May 3, 1995, Coffin answered, disputing the amount owed and raising "a usurious rate of interest" in defense. On August 4, 1995, Donovan moved to amend the complaint to remove the claim for an 18% interest rate but did not append the amendment. On June 28, 1996, Donovan again moved to amend the complaint, with the amended complaint. On July 24, 1996, Coffin objected to the amended complaint and moved for summary judgment on the grounds that the debt should be forfeited under A.S.C.A. § 28.1510. Donovan's motion of June 14, 1996, to set a trial date is also pending.

## DISCUSSION

### I. Motion to Amend Complaint

T.C.R.C.P. 15(a) governs the amendment of pleadings. Donovan's motion to amend came after a responsive pleading was filed. Thus, the court's leave to amend is required but is "freely given when justice so requires." *Id.* In this instance, Donovan would have the court allow the amended complaint to avoid A.S.C.A. § 28.1510. We discuss the applicability of that statute below. However, Donovan's attempt to circumvent forfeiture of the debt through an amended complaint is plainly not in the interest of justice. Moreover, we do not believe the mere amendment would bar Coffin's usurious interest defense. The debt is allegedly based upon invoices, which on their face charge an 18% interest rate.

Thus, Donovan's motion to amend the complaint will be denied.

### II. Summary Judgment

Coffin's motion for summary judgment is based upon A.S.C.A. § 28.1510, which sets forth a criminal penalty, including debt forfeiture, for charges of usurious interest, and *Shantilal Bros. Ltd v. Samoa Misc., Inc.*, 29 A.S.R.2d 210(Trial Div. 1996), which granted civil forfeiture for the same violation. We agree with Coffin that, if shown, a charge of usurious interest in violation of A.S.C.A. § 28.1510 acts to forfeit the entire debt upon which the usurious rate was charged. *Shantilal* at 212.

71

However, we do not believe that a usurious interest rate has necessarily been shown in the instant case.

Coffin and Donovan have apparently assumed that the 18% interest rate was usurious under A.S.C.A. § 1501(a), which sets the maximum interest rate for personal loans or obligations at 15% a year. However, a separate statute governs loans or obligations made to businesses "for the purpose of . . . carrying on or acquiring a business or commercial investment." A.S.C.A. § 28.1503; *see also Max Haleck, Inc. v. Trans United Marketing, Inc.*, AP No. 15-77, slip op. at 5 (App. Div. Dec. 2, 1977).

█ Based on the complaint, answer and oral arguments, the debt was possibly incurred as a regular part of Coffin's business activities. As such the debt may fall squarely within the ambit of debt incurred "for the purpose of . . carrying on or acquiring a business." A.S.C.A. § 28.1503. A.S.C.A. § 28.1503 allows a maximum 18% rate of interest to such loans. Thus, Donovan may not have violated § 28.1503 and be subject to the forfeiture penalty under § 28.1510.    However, we lack sufficient evidence to determine whether Coffin signed the invoices stating the 18% interest rate.   This rate is still subject to the requirement of § 28.1501(a) that agreements for an interest rate higher than 6% be documented by a writing signed by the party to be charged. *Shantilal* at 215.

In short, genuine issues of material fact remain unresolved. Thus, Coffin's motion for summary judgment will also be denied.

## ORDER

Donovan's motion to amend the complaint and Coffin's motion for summary judgment are both denied. Trial is scheduled on January 3, 1997, at 9:00 a.m. at the courthouse in Pago Pago.

It is so ordered.